Court by Michael F. Andrews his verified Statement of Resignation dated August 16, 1999, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa.R.D.E., it is

ORDERED that the resignation of Michael F. Andrews be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

■

### OFFICE OF DISCIPLINARY COUNSEL, Petitioner,

v.

### Steven John BERNOSKY, Respondent.

### No. 498 Disciplinary Docket No. 3.

Supreme Court of Pennsylvania.

Sept. 27, 1999.

*ORDER*

PER CURIAM:

AND NOW, this 27th day of September, 1999, there having been filed with this Court by Steven John Bernosky his verified Statement of Resignation dated August 17, 1999, stating that he desires to resign from the Bar of the Commonwealth of Pennsylvania in accordance with the provisions of Rule 215, Pa.R.D.E., it is

ORDERED that the resignation of Steven John Bernosky be and it is hereby accepted and he is DISBARRED ON CONSENT from the Bar of the Commonwealth of Pennsylvania; and it is further ORDERED that he shall comply with the

provisions of Rule 217, Pa.R.D.E. Respondent shall pay costs, if any, to the Disciplinary Board pursuant to Rule 208(g), Pa.R.D.E.

■

### Sallylee NESTOR and Kenneth Nestor, Her Husband, Appellants,

v.

### HOSPITAL OF the UNIVERSITY OF PENNSYLVANIA and University of Pennsylvania Division of Plastic Surgery and Penn Cutaneous Pathology Services and University of Pennsylvania Dermatopathology Laboratory and Pigmented Lesion Specialty Group and University of Pennsylvania/Pigmented Lesion Group and University of Pennsylvania Department of Pathology and Laboratory Medicine, Appellees.

Supreme Court of Pennsylvania.

Sept. 28, 1999.

Dennis P. Talty, for Sallylee and Kenneth Nestor.

Clifford A. Rieders, Williamsport, for Amicus-Pa. Trail Lawyers.

Stephen M. McManus, Philadelphia, for Trustees, University of Pa.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *ORDER*

PER CURIAM:

Appeal dismissed as having been improvidently granted.

## COMMONWEALTH of Pennsylvania, Appellee,

v.

## Dewitt CRAWLEY, Appellant.

Supreme Court of Pennsylvania.

Submitted July 12, 1999.

Decided Oct. 1, 1999.

Reargument Denied Dec. 13, 1999.

Robert Brett Dunham, Philadelphia, for Dewitt Crawley.

Catherine Marshall, Philadelphia, for Commonwealth.

Robert A. Graci, Harrisburg, for Office of Attorney General.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ.

## *OPINION OF THE COURT*

FLAHERTY, Chief Justice.

Over fourteen years ago, appellant was convicted of three counts of first degree murder. He received three death sentences, and he now appeals the denial of his second petition under the Post Conviction Relief Act, 42 Pa.C.S. § 9541 et seq. The trial court dismissed the petition because the issues raised were either finally litigated or untimely.

In 1984, a jury convicted appellant of three counts of first degree murder, three counts of robbery, one count of rape, and one count of possessing an instrument of crime. On June 10, 1985 he was sentenced. On May 27, 1987, this court affirmed the judgments of sentence. On October 24, 1990, appellant filed his first PCRA petition, which was amended on January 6, 1992. On August 22, 1995, this court affirmed the dismissal of the first PCRA petition. The second PCRA petition was filed on May 27, 1997. On December 8, 1997 the trial court dismissed the second PCRA petition on the above-stated grounds that the claims asserted therein were either finally litigated or untimely.

■ Because no review to the United States Supreme Court was sought following this court's affirmance of the judgments of sentence, the judgment became final at the expiration of a ninety day period, on or about August 25, 1987. In *Commonwealth v. Peterkin*, 554 Pa. 547, 722 A.2d 638 (1998), we recently held that